IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Remanded by Tennessee Supreme Court February 26, 2007

## DWIGHT K. PRITCHARD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 3612    Cheryl Blackburn, Judge**

---

**No. M2007-00413-CCA-RM-HC - Filed April 24, 2007**

---

This appeal is before this Court after remand by order of the Tennessee Supreme Court. The Petitioner, Dwight K. Pritchard, appeals the summary dismissal of his petition for a writ of habeas corpus. The Petitioner contends that the guilty pleas he entered were not knowing and voluntary because the sentences imposed by the trial court were illegal. A recent decision of the Tennessee Supreme Court compels our conclusion that summary dismissal was proper. The judgment of the Davidson County Criminal Court summarily dismissing the petition is affirmed.

**On Remand By Tennessee Supreme Court; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Dwight K. Pritchard, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

When this appeal initially reached this Court, a majority of this Court reversed the judgment of the habeas court summarily dismissing the petition, holding that our supreme court's decision in McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001), required the appointment of counsel and an evidentiary hearing. See Dwight K. Pritchard v. State, No. M2005-00594-CCA-R3-HC, 2005 WL 3487842, at *5 (Tenn. Crim. App., Dec. 16, 2005) (Hayes, J., dissenting), perm. to appeal granted, (Tenn. Feb. 26, 2007). The State filed an application for permission to appeal with the Tennessee Supreme Court pursuant to Rule 11(a) of the Tennessee Rules of Appellate Procedure. On February 26, 2007, the Tennessee Supreme Court granted the State's application for the purpose of remanding the case to this Court for reconsideration in light of Summers v. State, 212 S.W.3d 251 (Tenn. 2007).

The relevant facts remain the same:

The trial court in this habeas corpus proceeding did not grant the Petitioner's request for counsel, and the Petitioner is proceeding pro se on appeal. The record on appeal before this Court contains only the petition and the trial court's order of dismissal. The Petitioner attached to his petition copies of five judgments of conviction, each entered on a plea of guilty, rendered in the Criminal Court of Shelby County. In the habeas corpus petition filed in the trial court, the Petitioner argued that these guilty pleas were not knowing and voluntary because the concurrent sentences imposed by the sentencing court as a result of the pleas were in direct contravention of Rule 32(c)(3) of the Tennessee Rules of Criminal Procedure and Tennessee Code Annotated section 40-20-111(b).

The copies of the judgments provided by the Petitioner reflect that he pleaded guilty in Shelby County on September 24, 1998, to two counts of aggravated robbery, two counts of possession with intent to sell over 0.5 grams of cocaine, and one count of vandalism. The judgments further reflect that the Petitioner received ten year sentences for each aggravated robbery and possession conviction and a two year sentence for the vandalism conviction, each sentence ordered to be served concurrently for an effective ten year sentence. The offense date for each conviction is different. According to the Petitioner, after he was charged with the first offense, aggravated robbery (offense date of November 16, 1996), he was released on bail but was then subsequently arrested and charged with the second offense of aggravated robbery (offense date of February 13, 1997). The Petitioner states that he was released on bail again after the second charge but was, thereafter, arrested and charged with possession (offense date of November 14, 1997). The Petitioner apparently was again released on bail before he was charged with vandalism (offense date of August 30, 1997). Finally, the Petitioner states that he was on bail yet again when he was arrested and charged with possession for the second time (offense date of March 24, 1998).

In its order of dismissal, the trial court recounted the Petitioner's statement of facts which we have attempted to summarize above. The court noted that the "Petitioner is correct that sentences are to be run consecutively when a defendant is 'sentence[d] for a felony where the defendant was released on bail and the defendant is convicted of both offenses.'" The trial court quoted the controlling language from Tennessee Rule of Criminal Procedure 32(c)(3)(C), and also cited our supreme court's opinion in McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001). However, the court ultimately denied habeas corpus relief to the Petitioner because the Petitioner failed to provide the court with sufficient documentation showing that he was indeed released on bail when he committed the subsequent offenses.

<u>Pritchard</u>, 2005 WL 3487842, at *1. The case is again properly before this Court.


## ANALYSIS

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. <u>McLaney</u>, 59 S.W.3d at 92, <u>overruled in part by</u> <u>Summers</u>, 212 S.W.3d at 262. The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. <u>See</u> Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. <u>Taylor v. State</u>, 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. <u>Id.</u> A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. <u>Archer v. State</u>, 851 S.W.2d 157, 164 (Tenn. 1993).

A sentence imposed in direct contravention of a statute is illegal and thus void. <u>Stephenson v. Carlton</u>, 28 S.W.3d 910, 911 (Tenn. 2000). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. <u>Taylor</u>, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. <u>Wyatt v. State</u>, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. <u>Passarella v. State</u>, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

At the outset, we note that the Petitioner has substantially complied with the pleading requirements for filing a petition for a writ of habeas corpus relief. <u>See</u> Tenn. Code Ann. § 29-21-107. Relying on our supreme court's ruling in <u>McLaney</u>, as he did in the habeas court, the Petitioner advances the same argument on appeal: his guilty pleas were not knowing and voluntary because the concurrent sentences imposed by the sentencing court as a result of the pleas were in direct contravention of the law.

Assuming the Petitioner's factual allegations are true, the sentencing court was required to impose consecutive rather than concurrent sentences. Tennessee Code Annotated section 40-20-111 mandates, in pertinent part, as follows:

> In any case in which a defendant commits a felony while such defendant was released on bail in accordance with the provisions of chapter 11, part 1 of this title, and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively.

Tenn. Code Ann. § 40-20-111(b). Furthermore, Rule 32(c)(3) of the Rules of Criminal Procedure provides for consecutive sentencing under the following circumstances:

> Where a defendant is convicted of multiple offenses from one trial or where the defendant has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
>
> (A) To a sentence for a felony committed while on parole for a felony;
> (B) To a sentence for escape or for a felony committed while on escape;
> (C) To a sentence for a felony where the defendant was released on bail and the defendant is convicted of both offenses; and
> (D) Any other ground provided by law.

Tenn. R. Crim. P. 32(c)(3).[1]

The habeas court dismissed the petition in this case because the Petitioner failed to provide "sufficient documentation" for the court "to make the determination of whether Petitioner was actually convicted of the offenses that Petitioner was on bond for when he allegedly committed the offenses at issue in his instant petition." The State contends that the habeas court properly dismissed the petition summarily because the Petitioner did not provide factual documentation to support his argument. Although the Petitioner attached to his petition copies of the Shelby County judgments of conviction, the Petitioner did not present any evidence to the trial court to establish that he was, in fact, on bail during the commission of the offenses at issue.

In McLaney, our supreme court concluded as follows:

> The trial court in this case, finding no clear proof in the documents submitted with the petition that the sentence was void, dismissed the petition. Had McLaney been represented by counsel, we would find no error in this dismissal. Had an attorney been appointed, if the record of the underlying proceedings clearly showed that the latter rape and burglary offenses were committed while McLaney was on bail, appointed counsel presumably would have brought those records to the attention of the court, and a determination whether the judgment was void could have been resolved on the merits. Indeed, McLaney filed a motion for appointment of counsel

---

[1] The Tennessee Rules of Criminal Procedure have recently been amended, said changes becoming effective July 1, 2006. See Compiler's Notes, Tenn. R. Crim. P. (2006). However, the filing of the petition, as well as the order of summary dismissal, predate the effective date of these amendments. Therefore, we will cite to the provision as in effect at the time.

and clearly had a right to appointed counsel if the trial court found him to be indigent. Tenn. Sup. Ct. R. 13, § 1(d)(4); Tenn. Code Ann. § 8-14-205 (1997). Under these circumstances, the trial court erred in failing to consider the motion for appointment of counsel prior to dismissal of the case.

McLaney, 59 S.W.3d at 94 (footnote omitted). In McLaney, as in this case, the petitioner stated his claim in terms of voluntariness of the plea; however, "[v]oluntariness of the plea . . . has no relevance in a habeas corpus proceeding." Summers, 212 S.W.3d at 259 (citing Archer, 851 S.W.2d at 164.) "Instead, the determinative issue is whether the plea agreement included an illegal sentence as a material element. If so, the illegal sentence renders the guilty plea, including the conviction, invalid." Id. (citing McConnell v. State, 12 S.W.3d 795, 800 n.9 (Tenn. 2001) (noting that our supreme court's decision was consistent with decisions of other jurisdictions that have considered the issue)). When a Petitioner raises an issue such as this issue in a petition for a writ of habeas corpus proceeding, "a court is limited to considering the face of the judgment and the record of the proceedings upon which the judgment was rendered." Id. (citing Smith v. Lewis, 202 S.W.3d 124, 128 (Tenn. 2006)).

Here, the time between the offenses—aggravated robbery on November 16, 1996; aggravated robbery on February 13, 1997; vandalism on August 30, 1997; cocaine possession on November 14, 1997; and cocaine possession on March 24, 1998—allows for the possibility that each offense was committed while the Petitioner was out on bail for the prior offense. Moreover, from the notation of pretrial jail credits on the judgments of conviction, it can be circumstantially inferred that the Petitioner was on bail at the time he committed several, if not all of, the offenses. We are unable to distinguish this case from McLaney.

However, based upon on our supreme court's recent decision in Summers, we conclude that summary dismissal predicated on the ground that the Petitioner did not provide factual documentation to support his contention that he was, in fact, on bail during the commission of the offenses at issue was proper. See also Fredrick L. Brown, Jr. v. Virginia Lewis, Warden, No. E2005-02549-CCA-R3-HC, 2007 WL 529926, at *6 (Tenn. Crim. App., Knoxville, Feb. 22, 2007).

In Summers, the Tennessee Supreme Court ruled as follows:

For the reasons stated herein, we overrule McLaney to the extent that it can be interpreted to require the appointment of counsel and a hearing whenever a pro se habeas corpus petition alleges that an agreed sentence is illegal based on facts not apparent from the face of the judgment. We hold that summary dismissal may be proper when, as in this case, the petitioner fails to attach to the habeas corpus petition pertinent documents from the record of the underlying proceedings to support his factual assertions.

<u>Summers</u>, 212 S.W.3d at 254. The court explained,

> Although we decline . . . to modify the holding in <u>McLaney</u> with respect to the scope of the remedy when habeas corpus relief is granted, we take this opportunity to clarify <u>McLaney</u> with respect to the procedural requirements for seeking such relief. <u>McLaney</u> has been read to dictate that whenever a pro se petitioner fails to attach to his habeas corpus petition pertinent documents from the record of the underlying proceedings, he must be afforded the opportunity, with the assistance of counsel, to cure any deficiency in his filings.[2] This reading of <u>McLaney</u> is inconsistent with applicable statutes and prior decisions permitting summary dismissal, without the appointment of counsel, unless the alleged illegality is apparent from the pro se petition and the documents attached thereto.

<u>Id.</u> at 259. Indeed, in this Court's first opinion on this matter, we stated that, in cases such as these, the trial court arguably ruled appropriately under the general principles of habeas corpus law but that the holding in <u>McLaney</u> mandated a different result. <u>See</u> <u>Pritchard</u>, 2005 WL 3487842, at *3. We note that McLaney himself would not be entitled to relief under the holding in <u>Summers</u> because there was "no clear proof in the documents [McLaney] submitted with the petition that the sentence was void . . . ." <u>McLaney</u>, 59 S.W.3d at 94. We now conclude that, because the judgments are "facially valid" and the Petitioner "failed to support his factual assertions with pertinent documents from the record of the underlying proceeding," summary dismissal was proper. <u>Summers</u>, 212 S.W.3d at 262; <u>see also</u> <u>Brown</u>, 2007 WL 529926, at *6.

## CONCLUSION

For the reasons stated herein, we conclude that the trial court did not err by summarily dismissing the habeas corpus petition. The judgment is affirmed.

_____
DAVID H. WELLES, JUDGE

---

[2] <u>See, e.g.</u>, <u>Larry Dotson v. State</u>, No. M2005-00436-CCA-R3-HC, 2006 WL 264269, at *3 (Tenn .Crim. App., Nashville, Jan. 31, 2006), <u>perm. to appeal granted</u>, (Tenn. Feb. 26, 2007); <u>Pritchard</u>, 2005 WL 3487842, at *4; <u>Gregory Eidson v. State</u>, No. M2005-00150-CCA-R3-HC, 2005 WL 1353310, at *4 (Tenn .Crim. App., Nashville, June 8, 2005); <u>Anthony K. Goods v. Tony Parker, Warden</u>, No. W2003-02914-CCA-R3-HC, 2004 WL 2309901, at *3 (Tenn. Crim. App., Jackson, Oct. 13, 2004). (footnote in original).